**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ANTHONY YOUNG, JR. (#325559)**          **CIVIL ACTION NO.**

**VERSUS**          **21-227-JWD-EWD**

**JOHN BEL EDWARDS, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 3, 2022.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY YOUNG, JR. (#325559) | CIVIL ACTION NO. |
| VERSUS | 21-227-JWD-EWD |
| JOHN BEL EDWARDS, ET AL. | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint of Anthony Young, Jr. ("Young"), who is representing himself and is currently incarcerated at the David Wade Correctional Center in Homer, Louisiana.[1] Pursuant to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, it is recommended that Plaintiff's claims be dismissed for failure to state a claim upon which relief may be granted, as his 42 U.S.C. § 1983 challenge to his conviction by a non-unanimous jury is not permitted.

**I.  Background**

Young filed suit pursuant to 42 U.S.C. § 1983 against John Bel Edwards, James M. LeBlanc, and Malcolm Myer (collectively "Defendants"), alleging that Defendants violated his constitutional rights because he was imprisoned based on a conviction by a non-unanimous jury.[2] Young is asking for injunctive, declaratory, and monetary relief.[3]

**II.  Law & Analysis**

**A.  Standard of Review**

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the action or claim is frivolous, malicious,

---

[1] R. Doc. 1.
[2] R. Doc. 1.
[3] R. Doc. 1, pp. 14 and 39.

or fails to state a claim upon which relief may be granted.[4] The statutes impose similar standards for dismissal and are intended to give the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] All well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff.[8] While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[9] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[10] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[11] A claim is also subject to dismissal

---

[4] §1915(e) provides for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"); §1915A provides for dismissal of lawsuits by prisoners against a governmental entity or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was granted permission to proceed *in forma pauperis* on April 22, 2021, so both statutes apply. R. Doc. 3.
[5] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[7] *Id.*
[8] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[9] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[10] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[11] *Denton*, 504 U.S. at 33, (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[12]

### B. Young Cannot State a Claim Under 42 U.S.C. § 1983 for a Non-Unanimous Jury Conviction

Young's entire Complaint is based upon the fact that he was convicted by a non-unanimous jury.[13] In *Heck v. Humphrey*,[14] the Supreme Court held that a claim that effectively attacks the constitutionality of conviction or imprisonment is not cognizable under § 1983 unless and until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*."[15] Young does not allege, nor does it appear, that his conviction or sentence has been reversed, expunged, declared invalid, or called into question in any way.[16] As Young's Complaint challenging the constitutionality of his sentence and continued imprisonment is barred by *Heck v. Humphrey*, the Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

---

[12] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[13] R. Doc. 1.
[14] 512 U.S. 477 (1994).
[15] *Id.* at 486-87. *See also*, *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995).
[16] Young cites *Ramos v. Louisiana*, 140 S.Ct. 1390 (2020) to support his argument that his conviction and subsequent incarceration is unconstitutional. *See* R. Doc. 1, pp. 18-21. The United States Supreme Court has held that *Ramos* does not apply retroactively. *Edward v. Vannoy*, 141 S.Ct. 1547 (2021). According to the Complaint, Young was convicted of attempted armed robbery by a non-unanimous jury on June 28, 1994 and was sentenced on August 26, 1994. R Doc. 1, p. 20. Accordingly, he is seeking retroactive application of *Ramos,* which is not permitted. Even if Young had some cognizable constitutional claim arising from his conviction, the proper way to challenge a conviction is through an application for writ of habeas corpus, not through a 42 U.S.C. § 1983 complaint such as this one. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (a challenge by a prisoner to the fact or duration of his confinement and seeking immediate or earlier release from that confinement must be pursued through a habeas corpus proceeding rather than through an ordinary civil rights action); *see also, Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005), quoting *Preiser*, 411 U.S. at 498 ("prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'").

To the extent Young complains regarding the injuries he has suffered while incarcerated, these appear to be in support of his claim that his incarceration, in and of itself, violates the Eighth Amendment.[17] Young does not allege that any of his injuries were caused by any wrongdoing on the part of any prison official or any Defendant. Rather, he appears to blame the injuries on the fact of incarceration. "Incarceration does not constitute cruel and unusual punishment,"[18] so Young cannot state a federal claim for these injuries.[19]

### C. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Young seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. Having recommended that Young's federal claims be dismissed for failure to state a claim, it is further recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims.

---

[17] *See* R. Doc. 1, p. 24. Young states that he has lost the last twenty-seven years of his life, had more years added to his sentence due to "jail house charge," and has suffered from defamation, slander, a stab wound, a "bursted head," a damaged right Achilles tendon, fractured right ankle, fractured jaw, fractured left arm, high blood pressure, blurry eyes, and psychological injuries. R. Doc. 1, p. 24.

[18] *Russell v. Cockrell*, No. 01-1425, 2003 WL 21750862, at *3 (N.D. Tex. July 25, 2003). *See also Champluvier v. Evans*, No. 08-14, 2008 WL 2699296, at *5 (N.D. Miss. June 30, 2008) ("incarceration is not, in and of itself, cruel and unusual punishment.").

[19] Even if Young had provided details regarding how these incidents occurred and if these details stated a colorable federal claim, the claims would be subject to dismissal because, based upon the Complaint, Young did not exhaust administrative remedies prior to filing suit. R. Doc. 1, p. 7. Young filed a grievance with respect to the claims raised, but the grievance was rejected at the first step, and Young did nothing to cure the deficiencies or proceed further because he was under the impression that the grievance process is completed if a grievance is rejected. R. Doc. 1, p. 7. Pursuant to 42 U.S.C. §1997e, Young was required to exhaust his administrative remedies prior to filing suit, and this requires compliance with an agency's deadlines and procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Young should not be allowed leave to amend to attempt to state a claim because any amendment consistent with these facts would be subject to dismissal. *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (though ordinarily a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed, granting leave to amend is not necessary if the plaintiff has already pleaded her best case or if an amendment would be futile).

**RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff Anthony Young, Jr.'s federal claims be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A, that the Court decline to exercise supplemental jurisdiction over any potential state law claims, and that this matter be **CLOSED**

**IT IS FURTHER RECOMMENDED** that leave to amend be denied, if sought, as Young cannot state a § 1983 claim consistent with the facts alleged for his conviction by a non-unanimous jury and *Ramos v. Louisiana* does not apply retroactively.

Signed in Baton Rouge, Louisiana, on January 3, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**